INHABITANTS OF SALEM *vs.* INHABITANTS OF LYNN.

On the trial of an action brought by one town against another, to recover expenses incurred for the support of a pauper who was alleged to have acquired a settlement in the defendant town by residing there ten years together, and paying taxes for five of those years, it appeared that the pauper had removed to a third town, during the ten years, and remained there a short time, and then returned to the defendant town. *Held*, that the pauper's statements, made immediately after his return, as to his intention, when he removed, could not be received in evidence. *Aliter* as to his statements, made after he formed the intention of removing, and at or about the time of his removal.

ASSUMPSIT to recover the expenses incurred by the plaintiffs in supporting a pauper whose settlement was alleged to be in the town of Lynn.

At the trial in the court of common pleas, before *Wells*, C. J. the plaintiffs undertook to prove that the pauper gained a setlement in Lynn, under the Rev. Sts. *c.* 45, § 1, by her husband's residing there for the space of ten years together, and paying all taxes duly assessed on him for five of those years. It was in evidence that her husband, William Stanwood, removed from Lynn to Marblehead, where he remained about four months, and then returned to Lynn ; and the question was submitted to the jury, whether said William thus removed from Lynn with an intention of returning thereto.* To prove such intention, the defendants offered to show his statements, made immediately after his return to Lynn. But the judge ruled that the inquiry must be confined to such declarations as were made by said Stanwood after he nad formed the intention of removing from Lynn, at and about

* See *Billerica* v. *Chelmsford,* 10 Mass. 396

the time of his said removal, and while remaining in Marble-head ; and the judge excluded the defendants' question as to the declarations of said Stanwood after he had returned to Lynn.

The jury found a verdict for the plaintiffs, and the defendants alleged exceptions to the said rulings.

*Stickney*, for the defendants, cited *West Cambridge* v. *Lexington*, 2 Pick. 536 ; *New England Marine Ins. Co.* v. *De Wolf*, 8 Pick. 56 ; *Thorndike* v. *City of Boston*, 1 Met. 242 ; and *Kilburn* v. *Bennett*, 3 Met. 199.

*Perkins*, for the plaintiffs. In the case cited from 2 Pick. 536, the declaration of the party was admitted on the ground that it was a declaration against his interest ; and in 1 Met. 242, the declarations of the plaintiff, which were held admissible, were made before, and not after, his return to Boston. The declarations of Stanwood, which were rejected at the trial, were not part of the *res gesta,* and do not appear to have accompanied any act. See 1 Greenl. on Ev. § 108. *Inhabitants of Gorham* v. *Inhabitants of Canton,* 5 Greenl. 266

DEWEY, J. The proposed evidence of the declarations of Stanwood was clearly incompetent. The declarations of a party to an act are, under proper limitations, competent evidence to show the intention of such party, in reference to such act. If made at the same time with the act, they may be considered as a part of the *res gesta,* and so admissible. Somewhat greater latitude is allowed, in reference to the time of making such declarations, where the question relates to the domicil of the party at a particular period. The cases of *Thorndike* v. *City of Boston,* 1 Met. 242, and *Kilburn* v. *Bennett,* 3 Met. 199, cited by the defendants' counsel, were unlike the present, and do not furnish any authority to sustain the exceptions to the ruling of the court of common pleas. The declarations, proposed to be offered in evidence here, were not made by a party while doing any act, but were a recital of past transactions and past purposes. They were not explanatory of an act about to be done, nor made in

46 *

reference to any future action ; but they were merely decla-
rations in relation to a past transaction, and they fell clearly
within the ruling of this court, in the case of *Haynes* v.
*Rutter*, 24 Pick. 242.          *Exceptions overruled.*